UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARAZAN ZAYAS o/b/o J.X.A.,

       Plaintiff,

v.                                     Case No. 8:18-cv-2918-MAP

COMMISSIONER OF SOCIAL SECURITY

       Defendant.

_____/

## <u>ORDER</u>

Before me is the Motion for Attorney's Fees Pursuant to the Social Security Act Section 206(b)(1) (Doc. 28). By the motion, Plaintiff's counsel seeks fees in the amount of $10,673.50. The Commissioner does not oppose the requested relief (Doc. 31).

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant in a social security matter, the court may award the claimant's attorney a reasonable fee for his or her representation. Such fee may not exceed 25 percent of the retroactive benefits to which the claimant is entitled. 42 U.S.C. § 406(b).[1] Even when the fees requested are unopposed and the fee sought does not

---

[1] This Court previously awarded counsel $4,031.34 in attorney's fees under the Equal Access to Justice Act (EAJA) (Doc. 27). Additionally, Plaintiff initiated a prior civil action seeking judicial review of the denial of disability benefits in the United States District Court for the District of Massachusetts, which remanded the application back to the agency for further proceedings and awarded attorney's fees in the amount of $5,639.17 under the EAJA (Doc. 28, at 2). Normally, any award under Section 406(b) must be offset by the EAJA award. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (finding that fee awards may be made under both 42 U.S.C. § 406(b) and the EAJA but that the claimant's attorney must refund to the

exceed the statutory limitation on attorney's fees, a court still must inquire whether such fee is reasonable. *Gisbrecht*, 535 U.S. at 807. "Generally, the best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client." *Pearce v. Astrue*, 532 F. Supp. 2d 1367, 1369 (M.D. Fla. 2008) (citations, alteration, and quotations omitted). Other factors to be considered address the "character of the representation and the results the representative achieved"; for example, whether the attorney was responsible for delay in the case that would result in a greater fee due to the accumulation of back benefits and whether the "benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808 (citations omitted). Moreover, although a court is not to apply a lodestar method in determining the reasonableness of an agreed upon contingency fee, a court may consider the record of "the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

In this case, counsel represented Plaintiff through the appeal before this Court, which reversed the Commissioner's decision and remanded Claimant's application to the agency (Doc. 18).[2] Upon remand, the agency issued a favorable decision for

---

claimant the amount of the smaller fee); *Watford v. Heckler*, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985). Such offset may be achieved by counsel's payment to the claimant of the amount of the EAJA award or by a reduction of the Section 406(b) fee request in the amount of the EAJA fee award. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010). Here, Plaintiff's counsel represents that, if the motion is granted, counsel will refund Plaintiff the amount of both EAJA awards, *i.e.*, $9,670.51 (Doc. 28, at 4).

[2]  Plaintiff appealed on behalf of a minor child, who will be referred to as Claimant herein.

Claimant, resulting in an award of $66,694 in past-due disability benefits (*see* Doc. 28, Ex. B).[3]   Twenty-five percent of Claimant's past-due benefits equates to $16,673.50. According to counsel, Plaintiff's hearing representative's fee petition was already approved in the amount of $6,000 for representation at the post-litigation hearing (Doc. 28, at 3).

Plaintiff's counsel now seeks an award of $10,673.50, which amounts to an effective hourly rate of $154.02 (for 69.3 of attorney and paralegal[4] hours at the district-court level), a reasonable amount considering the risk counsel assumes in a contingency case, including the fact that the case had already been denied at several levels of agency review prior to this action.  *See Couture v. Kijakazi*, Case No. 8:16-cv-2428-CPT, 2021 WL 3665854, at *4 (M.D. Fla. Aug. 18, 2021) (approving "de facto" hourly rate of $1,390 and citing "ample authority" in the District approving similar fees rates in Social Security cases); *Amador v. Acting Comm'r of Soc. Sec. Admin.*, Case No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2 (M.D. Fla. May 28, 2019) (approving hourly rate of $1,279 and finding it was not a windfall to the attorney);

---

[3] Despite repeated requests, Plaintiff did not receive a Notice of Award from the agency (Doc. 28, at 3).  Instead, counsel attached an Important Information Letter from the agency indicating that the agency awarded Claimant past-due benefits of $66,694 (Doc. 28, Ex. B).

[4] Courts only reimburse work of paralegals and law clerks when such individuals perform work traditionally done by attorneys.  *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (concluding that a district court properly reimbursed the time spent by paralegals and law clerks where the work was that normally done by an attorney).  In this instance, review of the time records for the paralegals (Doc. 28, Ex. E) indicates that the billed work performed by the paralegals in this matter constituted legal work normally performed by an attorney rather than clerical work.  Accordingly, it is appropriate to award the fees requested for work performed by the paralegals, as the time expended on such work was reasonable.

*Wysocki v. Comm'r of Soc. Sec.*, No. 6:06-cv-255-Orl-KRS, 2008 WL 1897601, at *4 (M.D. Fla. Apr. 28, 2008) (finding requested fee reasonable even though it amounted to more than $642 per hour, "an exceedingly high hourly rate in the central Florida market" where "risk that Wysocki would not prevail was substantial as shown by the procedural history in this case including three appeals to this Court"); *Watterson v. Astrue*, No. 3:06-cv-369-J-HTS, 2008 WL 783634, at *2 (M.D. Fla. Mar. 21, 2008) (granting fee petition requesting $28,767.10 where attorney worked 26.4 hours – a rate of $1,089 per hour – even though the issues were "perhaps not entirely novel or extraordinarily complex," but the representation was persuasive). Accordingly, after consideration, it is hereby

ORDERED:

1.      The Motion for Attorney's Fees Pursuant to the Social Security Act Section 206(b)(1) (Doc. 28) is GRANTED.

2.      Plaintiff's counsel is awarded attorneys' fees in the amount of $10,673.50 under 42 U.S.C. § 406(b) for their representation of Plaintiff before the Court.

3.      The amount of $9,670.51 in attorneys' fees previously awarded under the EAJA is to be refunded to Plaintiff.

DONE AND ORDERED in Tampa, Florida, on this 22nd day of August, 2022.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE